Munley Law, PC
The Forum Plaza - 227 Penn Avenue
Scranton, PA 18503
570-346-7401

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

**SRWR**
207 SR 29
Tunkhannock, PA  18657
2000 John Deere Grader 772D
VIN No. DW772DX6009320000

**OIL STATES ENERGY SERVICES**
4301 Will Rogers Parkway, Suite 600
Oklahoma City, OK 73108
2010 Dodge Ram
VIN No. 3D6WD7GL4AG118504
OK License No. 2RF-879
Date of accident: January 16, 2015

15 MC 082

MISCELLANEOUS ACTION

FILED SCRANTON
FEB 1 3 2015
PER _____ DEPUTY CLERK

NO:

## PETITIONER'S BRIEF IN SUPPORT OF MOTION TO PRESERVE EVIDENCE

NOW comes Petitioner, Terri A. Jones, on behalf of Gregory Jones, deceased, by and through her undersigned counsel, and files the within Brief in Support of her Motion to Preserve Evidence.

**I. STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Gregory Jones died in an accident on January 16, 2015, when he was crushed between his vehicle and a John Deere Grader.  (See, Pennsylvania State

Police Report, attached hereto as Exhibit "A"). His widow, the Petitioner resides in Vanceboro, North Carolina. The accident occurred on Guiton Road, Middletown Township, Susquehanna County, Pennsylvania. (See, Exh. A).

According to the Pennsylvania State Police, the accident involved a 2000 John Deere Grader 772D; VIN No. DW772DX6009320000, operated by Charles E. Weaver. (See Exh. A). The John Deere grader is owned by SRWR in Tunkhannock, Pennsylvania and is believed to be located at a Cabot oil site near the location of the accident. The truck is owned by Oil States Energy Services, 4301 Will Rogers Parkway, Suite 600, Oklahoma City, OK 73108, and is believed to be located in Muncy, Pennsylvania.

Undersigned counsel contacted Attorney Heffron by phone approximately 2 weeks ago. Attorney Heffron phoned undersigned counsel back, leaving a message. Undersigned counsel again phoned having to leave another message for Attorney Heffron. Undersigned counsel then forwarded correspondence to Attorney Heffron to notify her of any inspections. With no further response coming and before all Mr. Jones' family (who reside out of state) were fully retained by Munley Law, before any suit was even initiated, in an attempt to fully secure and protect crucial evidence at issue, (the John Deere grader, the oil states truck, and their contents, and the cellphone(s) of the sole witness to the fatal event, Mr. Charles Weaver) undersigned presented a Motion for a Preliminary Injunction

on Tuesday, February 10, 2015 in the Court of Common Pleas of Lackawanna County which was granted the same day on an emergency basis. On Friday February 13, 2015, SRWR, through its counsel, presented a Motion to dissolve the Court Order in place which has not been granted. The Court of Common Pleas was unable to hold a hearing. Pursuant to Pa. R. Civ. P. 1531, this Court Order, oreserving the evidence, will dissolve as early as Sunday February 15, 2015 because the parties in this matter were unable to schedule a hearing regarding Petitioner's Preliminary Injunction.

Undersigned Counsel has advised Mr. Heffron that she and her experts are unable to examine the subject grader and vehicle involved in the fatal accident until Friday, February 20, 2015 because her Experts are not available until that day, being out-of-state and out of the country at this time. SRWR, through their counsel, Patrick Heffron, has already indicated to Petitioner and undersigned of their intention to resume use of the subject grader after the preliminary objection dissolves in this matter.

Petitioner now seeks a Court Order preventing SRWR, Charles E. Weaver, the driver/operator of the subject truck, and Oil States Energy Services from using, moving, altering, and/or tampering with the subject grader and its contents, the truck, and its content, and Mr. Weaver's cellphone(s) as these items may provide the only evidence regarding the cause of this fatal accident and the possible

3

liability of SRWR and/or Charles E. Weaver, the operator of the grader at the time of the accident.

## II. QUESTION PRESENTED

Whether Petitioners Motion to Preserve Evidence should be granted in the interest of justice?

**Suggested Answer:** Yes

## III. ARGUMENT

An essential element in determining the cause of the above mentioned accident would be the evidence of the condition of the grader and truck, including damage done in the collision and the contents of both vehicles. Another essential part in determining the cause of this accident would be examining and reviewing the contents of any on-board recording devices, including but not limited to any cameras. In addition, Charles E. Weaver's cell phone(s) needs to be preserved and downloaded. Another essential part in determining the cause of this accident and possibly liability on the part of SRWR and/or Charles E. Weaver will be photographing the vehicles and any information contained therein.

Petitioner has acted in good faith in this matter by attempting to contact SRWR's counsel regarding any inspections they have conducted of the grader and has attempted on several occasion to schedule an independent inspection of the equipment by Petitioner and her expert to determine the cause of the January 16,

2015 fatal accident. Petitioner is ready, willing and able to proceed with an inspection/examination of the grader with her experts on week from today or on February 20, 2015. Unfortunately, Petitioners experts are unavailable to perform an examination and photograph the equipment until February 20, 2015, as they are out of the state or the country until that time. Thus, in the interest of justice SRWR, Charles E. Weaver, and Oil States Energy Services must be enjoined from altering, removing, tampering with, destroying, or using the subject grader and truck, as well as their content, and Weaver's cellphone(s) including content until Petitioner has had the opportunity to examine and photograph the same as these items may provide the only evidence regarding the cause of this fatal accident and the possible liability of SRWR and/or Charles E. Weaver, the operator of the grader at the time of the accident.

"[A] District Court has the power to issue a temporary restraining order in order to preserve existing conditions." Stewart v. Dunn, 363 F.2d 591, 598 (5th Cir. 1966) (citing United States v. United Mine Workers of America, 330 U.S. 258, 293, 67 S.Ct. 677, 695 (1947); United States v. Shipp. 203 U.S. 563, 573, 27 S.Ct. 165, 166, (1906); Carter v. United States, 135 F.2d 858, 861 (5th Cir. 1943). In the instant matter, Petitioner believes that this accident may have been caused by a design defect or mechanical failure of the subject grader. Counsel for SRWR represented to undersigned that there was no mechanical issue with its grader at the

5

time of the accident. Undersigned requested this in writing from SRWR's counsel. However, SRWR's Counsel has refused to confirm or deny the existence of any mechanical failure of the grader in question.

Therefore, the only way for Petitioner to discover whether there was a design defect or mechanical failure or driver error that causes the January 16, 2015 accident would be to examine the vehicles involved, with an expert who can determine the cause of the accident. Absent such investigation, Plaintiff will be severely prejudiced and suffer irreparable harm in not being able to prove causation in this fatal incident. A complete investigation and photographing of the subject grader and truck may be the only evidence to prove what caused the January 16, 2015 accident. The use of these vehicles prior to such an inspection would obviously destroy the crucial evidence to incident.

Petitioner will suffer irreparable harm if anyone uses, alters, removes or tampers with the subject grader , truck, and cellphone(s) without giving the Petitioner the opportunity to photograph and inspect all these items. It is believed that the subject grader and truck may be equipped with equipment, such as GPS, a black box, video camera or other electronic control device. Crucial information may be forever and irretrievably lost or recorded over if SRWR continues to use the subject grader prior to Petitioners download of the information and/or examination/photographing of the same. Petitioner has already conveyed to

SRWR and its counsel, on more than one occasion, that they are ready, willing, and able to inspect the subject grader and download the required information on February 20, 2015 so as not to delay this matter and allow SRWR to resume use of its equipment in a timely manner.

Without the Court's involvement in this matter at this time, there will be no Order in place preventing SRWR, Charles E. Weaver, and Oil States Energy Services from use of this equipment which will result in destruction and alterations of the only evidence from this fatal crash. Counsel for SRWR has already indicated SRWR's intention to resume use of the grader after dissolution of the state court injunction. Petitioner has notified counsel for SRWR today, in writing, of her experts' availability on February 20, 2015 to do the inspection and that SRWR's refusal to keep the equipment out of service will result in destruction of important evidence in this case. Undersigned has attempted to contact Attorney Heffron to discuss this matter, leaving a message with his office. However, Attorney Heffron has failed to call undersigned. Thus, it is imperative that this Court intervene in this matter at this time and grant Petitioners Motion to preserve critical evidence regarding an accident that took the life of Gregory Jones. If the Petitioners Motion is not granted, SRWR will resume use of the grader and vital evidence will irretrievably be lost forever.

**IV. CONCLUSION**

For all the forgoing reasons, Petitioner Terri Jones, on behalf of Gregory Jones, deceased respectfully requests this Honorable Court issue an Order enjoining SRWR, Charles E. Weaver, the driver/operator of the subject truck, and Oil States Energy Services from:

    a. Removing the subject grader and truck from its current location until such time as an inspection, examination, photographing of said subject grader and truck, and photocopying any of the contents contained in said subject grader and truck.

    b. Removing or relocating the subject grader and truck from its current location until such time as the black box, or other electronic device information can be downloaded.

    c. Removing the log books, receipts, certificates, bills of lading, trip documents, and any other contents of the subject truck, kept by the driver/operator of the subject truck, and believed to be owned by Oil States Energy Services, until such time as an inspection, examination, photographing of said subject truck, photocopying of the contents contained in said subject truck, and copying any video from said subject truck can be completed.

    d. Removing the log books, receipts, certificates, bills of lading, trip documents, and any other contents of the subject grader, kept by the driver/operator of the subject grader, and believed to be owned by SRWR, until such time as an inspection, examination, photographing of said subject grader, photocopying of the contents contained in said subject grader, and copying any video from said subject grader can be completed.

    e. Removing any on-board recording devices, including but not limited to any cameras.

    f. Erasing and/or altering and/or deleting and/or removing the contents of Charles Weaver's cellphone(s) and the cellphones(s) themselves.

        **Munley Law, P.C.**

BY: _____
       Julia K. Munley
       ID No. 66454
       Attorney for Petitioner